UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGINALD BRUTON,

    Plaintiff,

v.                                      Case No. 6:16-cv-1209-Orl-37DCI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

In the instant action, Plaintiff Reginald Bruton appeals a final decision of the Commissioner of the Social Security Administration ("**Commissioner**") denying his application for disability and disability insurance benefits. (Doc. 1.) On referral, U.S. Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 32 ("**R&R**")) recommending that the Commissioner's final decision be reversed. The Commissioner then filed an objection (Doc. 33 ("**Objection**")) to the R&R, and Plaintiff responded (Doc. 37).

Upon consideration, the Court finds that the Commissioner's objection is due to be overruled, and Magistrate Judge Irick's R&R is due to be adopted.

### I.    BACKGROUND

Plaintiff first filed an application for a period of disability and disability insurance benefits on September 6, 2012, alleging disability beginning June 30, 2012. (Doc. 16-2, p. 11.) His claim was initially denied and denied again upon reconsideration. (*Id.*)

Plaintiff then requested a hearing, which was held on September 11, 2014 in front of an Administrative Law Judge ("**ALJ**") with counsel present. (*Id.*) On January 8, 2015, the ALJ issued an unfavorable decision, concluding that Plaintiff was not disabled. (*Id.*) Plaintiff requested review of the ALJ's decision before the Appeals Council of the Social Security Administration, which was denied. (R. 1.) As such, the ALJ's decision finding no disability became the Commissioner's final decision.

Plaintiff then filed a Complaint (Doc. 1) with the Court requesting review of the Commissioner's decision and reversal for an award or benefits or remand. As grounds, Plaintiff proffers four non-harmless errors committed by the ALJ. (Doc. 25, p. 2.) Only the first is relevant here: that the ALJ failed to accord great weight to Plaintiff's 80% disability rating from the Department of Veterans Affairs ("**VA**"). (*Id.*) On this ground, Magistrate Judge Irick found that the ALJ erred by failing to appropriately weigh and consider the VA's rating, which led to his recommendation that the decision be reversed and remanded. (Doc. 32, p. 7.) The Commissioner objected to his recommendation (Doc. 33), and Plaintiff filed a response in support of the R&R. (Doc. 37).

## II.     LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*,

896 F.2d 507, 513 (11th Cir. 1990).

### III. ANALYSIS

The Commissioner objects to Magistrate Judge Irick's first recommendation to remand this case for additional consideration of Plaintiff's VA disability rating. (Doc. 33, p. 1.) Specifically, the Commissioner contends that such remand is unnecessary because the ALJ adequately considered the VA rating in her ultimate determination of Plaintiff's disability status. (*Id.*) Therefore, the Commissioner requests that the Court reject the R&R and uphold the ALJ's decision. (*Id.* at 7.) Upon de novo review of the record, the Court agrees with Magistrate Judge Irick's findings and conclusion in the R&R.

Determining whether an individual is disabled as defined by the Social Security Administration ("**SSA**") involves a five-step sequential evaluation process. 20 CFR 404.1520(a). This evaluation takes into account many different sources of information on the applicant's disability status, as set forth in SSA regulations and rulings. Amidst a potentially vast body of evidence to sift through and consider when determining an individual's disability status, ALJs have been told what evidence should be accorded greater weight. As long-instructed by the U.S. Court of Appeals for the Eleventh Circuit, a disability rating from the VA is "evidence that should be given great weight." *Brady v. Hecker*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted).

"Great weight" does not mean controlling, but "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*,

-3-

673 F. App'x 902, 904 (11th Cir. 2016).¹ To remedy an ALJ's failure to do so, courts will reverse the Commissioner's decision and remand the case for the ALJ to appropriately weigh the VA disability rating. *See Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) (reversing and remanding with the instruction that "in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself"); *see also Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The only reason given by the ALJ rejecting the VA disability rating was that the two agencies used different criteria to evaluate disability claims. This is not sufficient justification for not according great weight . . . .").²

Here, the Commissioner does not dispute that the ALJ was required to "explain in detail why [the VA's disability rating] was not entitled to great weight." (*See* Doc. 33, p. 3 (citing *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779–80 (11th Cir. 2015).) To that end, the Commissioner cites the ALJ's discussion of Plaintiff's VA disability rating in an attempt to convince the Court that this standard was met. (Doc. 33, p. 3, 6–7.) Not so. The ALJ gave Plaintiff's VA disability rating one paragraph of mention in her twelve-page opinion. (Doc. 16-2, pp. 17–18.) Of that, two sentences state her "reasoning" for

---

¹ While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

² Recent cases from courts in this district confirm the trend of reversal and remand when the ALJ has not adequately considered the VA's disability rating. *See, e.g., Collier v. Comm'r of Soc. Sec.*, No. 2:16-cv-527-FtM-CM, 2017 WL 3911561, at *8–9 (M.D. Fla. Sept. 7, 2017); *Mallory v. Comm'r of Soc. Sec.*, No. 6:14-CV-1669-ORL-GJK 2015 WL 8321898, at *4–5 (M.D. Fla. Dec. 9, 2015); *Salamina v. Colvin*, No. 8:12-cv-1986-T-23TGW, 2013 WL 2352204, at *3–4 (M.D. Fla. May 29, 2013); *Ray v. Astrue*, No. 8:08-cv-335-DAB, 2009 WL 799448, at *6–7 (M.D. Fla. Mar. 24, 2009).

dismissing the rating in her final calculus: "The undersigned notes that the VA is a distinct agency that utilizes its own standards in evaluation [sic] veterans' claims. Their findings are not binding on Social Security determinations." (*Id.* at 18.) Although true, these statements hardly demonstrate that the ALJ placed the requisite "great weight" on Plaintiff's 80% VA disability rating. Nor do they demonstrate the application of "serious consideration" and "close scrutiny" required for such a departure from a fellow government agency's ratings. The Eleventh Circuit's requirement of "great weight," "close scrutiny," and "serious consideration" is not met by a gratuitous passing reference.

Thus, without meaningful discussion of the VA rating's impact on the ALJ's analysis of Plaintiff's disability rating, the Court cannot conclude that her decision was supported by substantial evidence. It is incumbent upon the adjudicator to explain the consideration given to the agency decision. So says Magistrate Judge Irick in his well-reasoned, comprehensive R&R (Doc. 32, p. 7), and the Commissioner's objection does not persuade the Court otherwise. Therefore, Magistrate Judge Irick's R&R is due to be adopted, the Commissioner's decision is due to be reversed, and the case is due to be remanded to the Commissioner.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 2) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Defendant Commissioner of Social Security's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 33) are

**OVERRULED**.

3. The decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant and to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 21, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record