# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REGINALD BRUTON,**

        **Plaintiff,**

v.                                            Case No: 6:16-cv-1209-Orl-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** PETITION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C.A. SECTION 2412(d) (Doc. 44)
>
> **FILED:** October 12, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND.

The Court entered judgment in this case on September 22, 2017, reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 39. Plaintiff filed a Petition for Attorney's Fees (Motion) on October 12, 2017. Doc. 44. Plaintiff requests an award of attorney fees totaling $5,149.65, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). *Id.* at 3. Plaintiff also requests that the award of EAJA fees be paid directly to his counsel if the

Commissioner determines she does not owe a debt to the federal government. *Id*. at 5-6. The Motion is unopposed. *Id*. at 5.

## II. DISCUSSION.

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and his request for EAJA fees is reasonable.

### A. Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

#### 1. Prevailing Party.

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. 39. A plaintiff that obtains a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

#### 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60

days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed prior to 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). The judgment in this case was entered on September 22, 2017, and the Motion was filed 20 days later on October 12, 2017. Docs. 39; 44. Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth.

Plaintiff avers that he had a net worth less than $2 million when the complaint was filed. Doc. 44-1 at ¶ 2. This averment is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. The Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. The Commissioner does not argue that her position was substantially justified. *See* Doc. 44 at 5 (certifying that the Commissioner does not object to the Motion). Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. No Special Circumstances.

The undersigned finds that there are no special circumstances that would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

Plaintiff requests an award of $5,149.65 in attorney fees. Doc. 44 at 3. The chart below details the hours Plaintiff's counsel spent litigating this case before the Court, as well as the requested hourly rates:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| David B. Goetz, Esq.: | 2016 | 19.0 | $187.26 | $3,557.94 |
|  | 2017 | 8.5 | $187.26 | $1,591.71 |
|  | **Total** |  |  | **$5,149.65** |

*Id*. at 2-3. Plaintiff provides a list detailing the hours his counsel spent working on this case before the Court. *Id*. The undersigned finds that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Accordingly, the undersigned finds that Plaintiff is entitled to $5,149.65 in attorney fees under the EAJA, and that those fees are reasonable.

**C. Assignment.**

Plaintiff requests that the EAJA award be paid directly to her counsel. Doc. 44 at 5-6. A plaintiff is generally entitled to receipt of an EAJA award, not plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Plaintiff assigned his right to the EAJA award to his counsel on June 24, 2016 (Assignment). Doc. 44-1. The Assignment does not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award. *See Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). The Government, though, may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the Government, but the undersigned will not recommend that the Government be ordered to honor the Assignment.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 44) be **GRANTED in part** and **DENIED in part**;

2. Plaintiff be awarded a total of $5,149.65 in attorney fees under the EAJA; and

3. The Motion (Doc. 44) be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on October 17, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy